UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19CV537-GCM

| | |
|---|---|
| **DAMIAN M. HALL,** | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| **ANDREW M. SAUL, Commissioner of Social Security,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the court upon Plaintiff's letter Motion for Summary Judgment (Doc. No. 14) and the Commissioner's Motion for Summary Judgment (Doc. No. 15). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I.  Administrative History

On December 15, 2015, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of January 31, 2015. (Tr. 14). His applications were denied initially and upon reconsideration. *Id.* Plaintiff timely requested a hearing, which was held on May 10, 2018. *Id.* On October 30, 2018, the ALJ issued a decision finding that Plaintiff was not disabled under the Act. (Tr. 14 -28). On September 24, 2019, the Appeals Counsel denied Plaintiff's request for review of the ALJ's decision, rendering that decision the Commissioner's final decision for purposes of this appeal. (Tr. 1-6). Thereafter, Plaintiff timely filed this action, seeking review of the Commissioner's final decision.

1

Case 3:19-cv-00537-GCM   Document 18   Filed 06/25/20   Page 1 of 8

## II. Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales, supra*. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays v. Sullivan, supra*.

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

**B.    Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1)    Whether the claimant is engaged in substantial gainful activity;

(2)    Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3)    Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4)    Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5)    Whether the claimant is able to do any other work, considering his RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the Commissioner determined Plaintiff's claim at the fifth step of the sequential evaluation process.

**C.    The Administrative Decision**

In rendering his decision, the ALJ first concluded that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 16). At the second step, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease, human immunodeficiency virus ("HIV"), umbilical hernia, and depression. (Tr. 16). At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. (Tr. 17).

3

The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except he could only occasionally climb ramps, stairs, ladders, ropes and scaffolds; occasionally stoop; frequently balance, kneel, crouch and crawl; no hazards such as unprotected heights and moving mechanical parts. The RFC further limited the Plaintiff to perform simple, routine tasks in a work environment free of fast-paced productivity requirements, involving simple work-related decisions with few workplace changes and occasional interaction with coworkers and supervisors. (Tr. 18).

In making this finding, the ALJ considered all of Plaintiff's symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, as required by 20 C.F.R. § 404.1529 and 416.929 and SSR 16-3p. *Id*. The ALJ also considered opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and 416.927. (Tr. 18-19). While the ALJ found that Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, he determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 20).

At the fourth step, the ALJ found that Plaintiff was unable to perform his past relevant work as a customer service representative. (Tr. 26). In the alternative, the ALJ determined that in light of Plaintiff's RFC, age, education, and work experience, and based on testimony from a vocational expert ("VE"), that Plaintiff could perform other work that existed in significant numbers in the national economy. (Tr. 27-28). Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Tr. 28).

### D. Discussion

Plaintiff is proceeding *pro se* and has not made specific assignments of error, however, his letter motion generally alleges that the ALJ failed to properly consider the severe side effects from his medications.

The ALJ found that the "intensity, persistence and limiting effects" of Plaintiff's subjective HIV complaints were "not entirely consistent with the medical evidence and other evidence in the record." (Tr. 20). For example, the ALJ noted that on March 10, 2015, approximately a month and a half after alleged disability onset, Dr. Michael Cuenca found Plaintiff's HIV viral load was undetectable due to medication which caused no side effects when taken in the evening. (Tr. 20, 554). On June 19, 2015, Dr. Cuenca's records indicated Plaintiff was asymptomatic with, among other things, Plaintiff denying nausea, muscle pain, anxiety and depression. (Tr. 550).

The ALJ further noted that August 12, 2015, records from Dr. Cuenca indicated that Plaintiff reported his diarrhea had resolved. (Tr. 20). On August 19, 2015, the ALJ noted that Dr. Cuenca wrote that Plaintiff "is otherwise well and without complaints. Adherent to meds with no reported side effects. Immune stable CD4 and adequately suppressed Viral Load." (Tr. 20, 548). At that time, Dr. Cuenca also noted that Plaintiff's "stomach issues have now resolved." *Id.* The ALJ further noted that at that time Plaintiff's medications were simplified to a single medication. (Tr. 20).

The ALJ further pointed out (Tr. 20-21) that when seen on January 12, 2016, by Dr. Philip Lackey, Plaintiff denied nausea, vomiting diarrhea, anxiety and depression, among other things. (Tr. 439). At that time, he was observed to have appropriate mood and affect with no

5

neurological focal defects. (Tr. 441). Dr. Lackey noted that Plaintiff's HIV "remains well controlled on Triumeq without adverse effects." (Tr. 442).

Again, on March 30, 2016, Dr. Lackey noted that his HIV continued to be "well controlled on Triumeq without adverse effects." (Tr. 512). On June 22, 2016, Dr. Lackey again reported that Plaintiff's HIV "remains well controlled on Triumeq without adverse effects" and that there was "no indication for opportunistic infection prophylaxis." (Tr. 502). In fact, as noted by the ALJ (Tr. 21), on July 21, 2016, Plaintiff told Dr. Timothy Kennard that he will be attending Wingate University in the fall and plans to study for his nursing degree. (Tr. 963). He asked the doctor to fill out a physical form and give him required immunizations for the school. *Id.* At that visit, he voiced "no other specific complaints or concerns at this time." *Id.*

On September 22, 2016, Plaintiff saw Nurse Practitioner (NP) Tina Lovings to request a change of medications for his depression. (Tr. 937). At that time he reported no gastrointestinal issues. (Tr. 935). A change in medication was made, and NP Lovings found him alert, oriented, cooperative, with appropriate mood and affect, nonsuicidal, and having normal judgment. (Tr. 936).

On April 10, 2017, Dr. Lackey also found Plaintiff to be alert, oriented, and cooperative, with appropriate mood and affect. (Tr. 599). Dr. Lackey found Plaintiff's depression was improved with new medication provided by a primary care physician. (Tr. 600). Moreover, Dr. Lackey again noted after reviewing laboratory results that Plaintiff's HIV "remains well controlled on Triumeq without adverse effects." *Id.*

On March 20, 2018, Dr. Lackey again reported that Plaintiff was alert, oriented, and cooperative with appropriate mood and affect. (Tr. 587). Dr. Lackey further reported that

6

Plaintiff's HIV was "well controlled on Triumeq without adverse effects" and he refilled that prescription. (Tr. 588).

After reviewing Plaintiff's treatment history, the ALJ noted that although Plaintiff has alleged various side effects from his medications, the medical records, such as office treatment notes, simply do not corroborate his allegations. (Tr. 25). The ALJ stated that throughout the record all the doctors noted that he was tolerating treatment well without any adverse side effects. *Id.*

The Court finds that the ALJ properly and thoroughly evaluated the evidence, explaining the reasons for his decision and supporting those reasons by discussing substantial evidence in the record.

## V. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's letter motion, and the Commissioner's responsive pleading. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. *See Richardson v. Perales, supra; Hays v. Sullivan, supra*. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales, supra*, Plaintiff's letter Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) Plaintiff's letter Motion for Summary Judgment is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment is **GRANTED**; and

(4) this action is **DISMISSED**.

Signed: June 25, 2020

Graham C. Mullen
United States District Judge